# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CRIMINAL ACTION NO. 5:03-cr-00052-02

STEFFEN V. WRIGHT,

        Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On the 22nd day of November 2010, came the Defendant, Steffen V. Wright, in person and by counsel, David R. Bungard, AFPD, and also came the United States by William B. King II, AUSA, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On August 12, 2003, the Defendant was sentenced to a term of imprisonment of one hundred twenty (120) months to be followed by a term of supervised release of five (5) years. On September 1, 2004, the term of imprisonment was reduced to forty-eight (48) months. On September 8, 2008, the Defendant's term of supervised release was revoked at which time he was sentenced to a term of imprisonment of eleven (11) months to be followed by a term of supervised release of forty-eight (48) months. The Defendant began serving this term of supervised release on October 1, 2009. On November 1, 2010, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 116] was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) <u>Violation of Standard Condition: The Defendant shall not commit another federal, state or local crime</u>:  On August 7, 2010, the Defendant was arrested by a member of the Kanawha Count Sherrif's Department, Charleston, and charged with the following violations of the West Virginia State Code: 17C-5-2(e) - Aggravated DUI; 17B-2-1(a) - No Operator's License; 17C-6-1 - Speeding; and 17C-15-1 - Defective Equipment;

2) <u>Standard Condition No. 7:  The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician</u>: Subsequent to his arrest on August 7, 2010, as alleged in Violation Number 1, the Defendant failed a field sobriety test and was given a preliminary breath test and his blood alcohol content registered at .165;

3) <u>Standard Condition No. 11:  The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned y any law enforcement officer</u>: The Defendant failed to notify his probation officer of his arrest on August 7, 2010; and

4) <u>Special Condition No. 1:  The Defendant shall abstain from the use of alcohol and shall submit to a breathalyzer or other testing method for the detection of alcohol use as directed by the probation officer</u>: On August 7, 2010, the Defendant was stopped for having a defective headlight, speeding, and weaving in and out of his lane of traffic. Upon being questioned, the Defendant admitted to having consumed 3beers and 1 shot of liquor. A field sobriety test was administered, but the Defendant failed.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that the committed the violations contained therein.  As to that portion of Violation Number 1 alleging that "On October 20, 2010, [the Defendant] was arrested by members of the U.S. Marshals Service on a federal warrant issued subsequent to a three-count indictment returned by the grand jury on September 28, 2010, alleging distribution of a quantity of hydromorphone, a Schedule II narcotic[,]" the Court made no finding.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **FORTY-NINE (49) MONTHS**.  The Court **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed in a facility as near as possible to Beckley, West Virginia.

For the reasons more fully stated on the record, the *Defendant's Motion to Self-Report to Begin Sentence* [Docket 126] was **DENIED**, and the Defendant was **REMANDED** to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

DATE:        November 22, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA