**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:03-cr-00052-02

STEFFEN V. WRIGHT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's pro se *Motion to Modify Unlawful Sentence* (Document 132) filed on March 23, 2011. Defendant Steffen V. Wright appeared before this Court for a revocation hearing on November 22, 2010. (See Document 128). At that hearing, the Court revoked Defendant's supervised release and sentenced Defendant to a term of forty-nine (49) months in prison. (Rev. Hrg. Tr. at 14.) Defendant asks this Court to modify his sentence based on an alleged miscalculation of the applicable sentencing guidelines. Rule 35(a) of the Federal Rules of Criminal Procedure allows a district court fourteen (14) days after sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Court finds Defendant's motion was not timely filed within the applicable fourteen (14) day period. However, given that the motion is filed pro se, the Court will address the merits of Defendant's motion.

Defendant argues that the appropriate guideline range for his revocation sentence was 6-12 months. He argues that his most serious supervised release violation was a Grade C violation. With a criminal history category of IV, this would result in a guideline range of 6-12 months. *Id*.

Actually, Defendant had Grade A and Grade C violations. Pursuant to U.S.S.G. § 7b1.1(b), the most serious grade of violation is to be used in calculating the advisory guidelines. Here, Defendant's most serious violation was a Grade A violation. His criminal history category at the time of his underlying conviction, for a Class A felony, was III. (Rev. Hrg. Tr. at 12). Accordingly, the appropriate advisory guideline range provided in U.S.S.G. § 7B1.4 was imprisonment of 30-37 months. However, the sentencing guidelines are advisory and are not binding on the Court. *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Defendant's maximum statutory range of imprisonment for revocation based on his original conviction for a Class A felony was sixty (60) months. 18 U.S.C. § 3583(e). However, because Defendant had previously served eleven (11) months in prison on a prior revocation (See Document 95), the maximum period of imprisonment that could be imposed in this proceeding was forty-nine (49) months. 18. U.S.C. § 3583(e).

At the time of the revocation hearing, Defendant had an indictment pending against him. (5:10-CR-00164, Document 1). Through his counsel, Defendant requested that "the Court impose the maximum sentence available for the revocation proceeding of forty-nine (49) months with the understanding that the Government will dismiss with prejudice the two counts in the indictment that name Mr. Wright." (Rev. Hrg. Tr. at 9). This indictment was, in fact, dismissed with prejudice by this Court on November 22, 2010. (5:10-CR-00164, Document 31). Defendant conveniently leaves this fact out of his motion to modify his sentence. After giving consideration to all of the relevant factors in 18 U.S.C. § 3553(a), the Defendant's history, and the agreement to dismiss the pending indictment, the Court imposed the statutory maximum sentence of forty-nine (49) months in prison. (Rev. Hrg. Tr. at 14). Therefore, even if Defendant had timely filed his motion to modify his

sentence, the Court finds it would be denied on the merits because, as discussed *supra*, the Defendant's sentence was legally appropriate.

Thus, based on the findings herein, the Court does hereby **ORDER** that Defendant's pro se *Motion to Modify Unlawful Sentence* (Document 132) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: September 19, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA